S:\Eastern District of California\06-00936Busich\06cv00936.101608.o.PET Dismissed.wpd        October 7, 2008 (1:44pm)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS LOUIS BUSICH,

    Petitioner,   Case No. 1:06-cv-00936 ALA (HC)

    vs.

JEFFREY WRIGLEY,

    Respondent.   ORDER
_____/

    Pending before the Court are Petitioner Nicholas Busich's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241(c) filed on July 20, 2006 (Doc. 1), and Respondent's "Answer to Petition by Motion to Dismiss" filed on May 14, 2007 (Doc. 25). For the reasons discussed below, Petitioner's application for a writ of habeas corpus pursuant to §2241(c) is dismissed for failure to prosecute.

    On March 26, 2008, this Court denied Petitioner's motion for summary judgment and ordered Petitioner to file a traverse on or before April 30, 2008. (Doc. 42). Petitioner failed to file a traverse or otherwise respond to the Court's order. On September 18, 2008, this Court ordered the parties to inform the Court as to whether Petitioner had been released from custody

1

as indicated by sentence monitoring computation data provided by Respondent, and if so, the parties were ordered to "show cause why this action should not be dismissed as moot." (Doc. 45.)

On September 26, 2008, Respondent filed a declaration by Dale Patrick in response to the Court's September 18, 2008 order, indicating that Petitioner was released from Taft Correctional Institution to a Halfway House on November 13, 2007, and that he was released from the Halfway House and federal custody on May 9, 2008. (Doc. 46.) According to Respondent, Petitioner "no longer remains in federal custody" because he was released from prison on May 9, 2008. (Doc. 46.) Petitioner was provided with notice that the Court was considering dismissing this case by way of this Court's order to show cause dated September 18, 2008. (Doc. 45). Despite this warning, Petitioner failed to comply with or otherwise respond to the Court's order to show cause.

Accordingly, this action shall be dismissed for failure to prosecute. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30(1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260-1261; *see also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

Here, the public's interest in the expeditious resolution of litigation and the court's

interest in managing its docket weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990) ("The public's interest in expeditious resolution of litigation always favors dismissal.") Petitioner has failed to respond to this Court's orders that he (1) file a traverse (Doc. 42) and (2) show cause why this case should not be dismissed as moot. (Doc. 45). This Court is in the best position to determine whether the delay in this case interferes with docket management and the public interest. *Id.* This application has consumed some of the Court's time that could have been devoted to other cases on the docket. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigations such as Petitioner." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261). There is no identifiable risk of prejudice to Respondent; indeed, Respondent has filed a motion to dismiss on other grounds. (Doc. 25). Given Petitioner's failure to comply with the Court's orders, dismissal would not undermine the public policy favoring disposition of cases on the merits. Moreover, Petitioner has been out of prison since at least May 9, 2008. (Doc. 46). Regardless of whether "less drastic sanctions" are available, four of the five factors this Court must consider weigh heavily in favor of dismissal.

        Accordingly, IT IS HEREBY ORDERED that

        1.    Petitioner's application for a writ of habeas corpus is DISMISSED with prejudice.

        2.    The Clerk of Court is DIRECTED to enter judgment and close the case.

/////

DATED: October 16, 2008

                                                /s/ Arthur L. Alarcón
                                                UNITED STATES CIRCUIT JUDGE
                                               Sitting by Designation